UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DAISY BUCAYU                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 3:11CV-294-S

JEFFERSON COUNTY CLERK'S OFFICE                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Jefferson County Clerk's Office,("JCCO"), to dismiss the action for failure to state a claim upon which relief may be granted, in accordance with Fed.R.Civ.P. 12(b)(6).

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  As explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*., at 557, 127 S.Ct. 1955 (bracket omitted).

JCCO neither recites nor employs this standard in its motion.  *See Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625 (6th Cir. 2009)(discussing *Iqbal* standard in context of discrimination action).

In this action, the plaintiff, Daisy Bucayu, alleges that a co-worker, Aja Nkrumah, harassed her by (1) making demeaning comments toward her , (2) making threatening phone calls to her, (3) ridiculing Bucayu's accent, and (4) sending pictures of male genitalia to Bucayu's phone and engaging in other sexually crude behavior.   Complaint, ¶¶ 14-17.   She alleges that Nkrumah harassed her because of Bucayu's race, sex, and/or national origin. Compl., ¶ 18.   Bucayu is a Filipino-born Asian female.  Compl.,  ¶ 11.

Bucayu claims that she complained to Nkrumah directly about her actions and stated that she felt like she was being treated like a slave.  Compl.,  ¶ 20.  She alleges that Nkrumah became enraged and demanded "what do you know about being a slave?"  *Id.*  Bucayu claims she then complained to her supervisors, but they took no remedial action.  Compl., ¶ 22.

Bucayu alleges that she began to suffer panic attacks as a result of Nkrumah's actions. Compl. ¶ 24.  She contends that because of the panic attacks, she was forced to take leave under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*  Compl., ¶ 25.  She alleges that she was still unable to work on her return-to-work date.  She claims that JCCO terminated her rather than extending her period of leave.  She claims that the decision to terminate her was in retaliation for complaining about Nkrumah and for exercising her rights under the FMLA.

In seeking dismissal of the complaint, JCCO cites cases that do not address the standard for hostile work environment claims, such as *Smith v. City of Salem, Ohio*, 378 F.3d 566 (6th Cir. 2004) upon which the defendant heavily relies.

> Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*, prohibits employment discrimination on the basis of race, color, religion, sex, and national origin...Two types of actions may be brought: (1) discrete discriminatory acts and (2) claims alleging a hostile work environment.  *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).  Examples of discrete discriminatory acts include termination, failure to promote, denial of transfer

- 2 -

> or refusal to hire. *id.* at 114. Hostile work environment claims are different than discrete discriminatory acts, because hostile work environment claims involve repeated conduct that occurs over a period of time. *Id.* at 115. There claims are based on the "cumulative effect of individual acts" that would otherwise not be actionable on their own.

*Leidner v. Napolitano*, No. 07-197-DLB,  2010 WL 5300533, *8 (E.D.Ky. Nov. 23, 2010). Additionally, hostile work environment cases make a distinction between sexual harassment caused by supervisors and sexual harassment caused by coworkers.  *Mullins v. Goodyear Tire & Rubber Co.*, No. 07-6089,  291 Fed. Appx. 744, 746, 2008 WL 4093496 (6th Cir. Sept. 4, 2008), *citing Blankenship v. Parke Care Centers, Inc.*, 123 F.3d 868, 872 (6th Cir. 1997).  *See also, Fenton v. HiSAN, Inc.,* 174 F.3d 827 (6th Cir. 1999).

Thus the argument concerning Bucayu's claims of sexual harassment, retaliation, and corresponding claims under the Kentucky Civil Rights Act are insufficient to support the motion to dismiss these claims.

JCCO moves for *dismissal under 12(b)(6)* of Bucayu FMLA claims.  Bucayu alleges that she was on FMLA leave, that due to her medical condition she was not able to return to work.  She claims that she needed an extension of the FMLA leave, that she was entitled to such additional leave, but that JCCO terminated her instead of granting her this additional time.

JJCO states that "If this case continues, these facts will be shown to be wrong; Plaintiff's termination had nothing to do with FMLA and she never sought an extension."  Motion to Dismiss, p. 8-9.  This contention is of no value in considering a 12(b)(6) dismissal motion.

While JJCO claims that "she does not allege she invoked anything," the question is whether a reasonable inference that she sought an extension can be drawn from Bucayu's claim that she was "not provided" the extension that she "required," but rather was terminated by JCCO.  Compl., ¶¶

25-27.  She need only plead facts which allow for a reasonable inference.  *Iqbal, supra.*  However, the claim must have facial plausibility to withstand a motion to dismiss.  *Id.*  Again, JCCO has not cited the *Iqbal* standard for dismissal.  Therefore, no argument concerning plausibility of the claims under this standard has been articulated.

For the reasons stated herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Jefferson County Clerk's Office, to dismiss the complaint (DN 5) is **DENIED.**

**IT IS SO ORDERED.**

February 10, 2012

Charles R. Simpson III, Judge
United States District Court